Your Honor, in this case on the dot, 2-15-1281, the people of the state of Illinois, plaintiff Kathleen v. Patrick Steger, defending defendant, arguing on behalf of defendant 7, Ms. Katie Forrest, arguing on behalf of plaintiff Kathleen, Ms. Cora Floyd. Ms. Forrest. Good morning, Your Honors. I am Vicki Coros from the Office of the State of the Appellate Defender, arguing on behalf of the appellant, Patrick Steger. May it please the Court and Counsel, in this appeal, Mr. Steger is challenging his misdemeanor conviction for violating an order of protection because there was no proof at trial that there was an order of protection in effect at the time of the alleged offense. At trial, the state tendered to the Court an emergency order of protection and a plenary order of protection, but neither order was in effect on October 4th, the date of the alleged offense. The state never tendered any extension orders or any interim orders to cover the date that we're dealing with today. That specific issue was not raised at argument by defense counsel, correct? No, it was not. And defense counsel at trial, his argument was that the state did not prove a negative, that the defendant did not call the sheriff's office to provide prior notice that he was entering a forbidden zone. Right. So everybody appeared to be under the assumption that the order was in effect, but in your argument, it was not. Right, because this is, again, a sufficiency of the argument, a sufficiency of the evidence argument, meaning whatever the state produced at trial wasn't enough to support a conviction, and that's not something that defense counsel had to alert the state. Has squabble jeopardy attached? Pardon? Has double jeopardy attached? At this point, right, because the state did not prove its case at trial, certainly. Well, wouldn't the state draw for something to indicate that the emergency order of protection was in effect, but the judge never referenced it? Well, in order for the state to properly ask the court to take that judicial notice, it had to, one, ask the court to take judicial notice, and, two, actually supply the court with the necessary information. The court can't take just the state's word on it. That's not how Section or Illinois Rule of Evidence 201 works. The court can't take – Suus Bante can take judicial notice of its own files, correct? Of its own files. I believe if it was the same parties in the same court, in the same courtroom. But this was not the case. This was a court protection case file. So you're saying that we couldn't take judicial notice of the fact that there is a brokerable request for taking judicial notice of the existence of the order for purposes of determining whether or not former jeopardy applied? This appellate court, whether this court could take judicial notice of that file? I'm sorry. I lost track. In other words, you're arguing that there was insufficient evidence, and therefore this should be reversed and his conviction should no longer exist. Correct. And if he's prosecuted for it again, it should be dismissed because of double jeopardy. Correct. So what I'm asking you was if double jeopardy would apply, does the fact that we or do we have the ability to take judicial notice of that court file and determine that for purposes of jeopardy, he wasn't in jeopardy? Because the state did make a profit, even though it made a defective one. Okay. Well, I would like to direct your honors to the case of People v. Clark, which I'm happy to see that you're sitting on this panel because, Justice McClaren, you were also on that case, in which this court said that introducing a fact for judicial notice on appeal does not relieve the state of its burden to prove each element of the offense at trial, meaning the state can't now introduce evidence on appeal to prove a case that it failed to introduce in the trial court to prove its case at that point. And I understand you're talking about double jeopardy, which is different with whether or not. Well, I'm not necessarily talking about introducing. The term introduced can imply either that the state attempted to admit it into evidence and the trial court didn't allow it, or that the state attempted to admit it into evidence or didn't attempt at all to put it into evidence. So in the context of the case, how did it work out? In the case of People v. Clark, it was a piece of evidence that the state was introducing for the first time on appeal, and the court said, we're not going to consider it for the fact, but because this allows us to interpret the evidence that already existed at trial, meaning the distance between two points where the people had given the street names but not the actual amount of feet involved between those distances, the court said, because we're using it to interpret what was already there, we're going to use it. But had this been a case where there was no evidence as far as the distance between these two points, as far as street names or landmarks, then it would suggest that they would not have used it. Is taking judicial notice of a Google map or a map online different than judicial notice of a circuit court file in the same circuit as the judge is sitting and hearing the case? Isn't it different? Again, the purpose of the court file could be called up, brought to the judge's chambers. We don't know what the judge reviewed and changed. The only way the judge could have determined that the order was in effect was to take a look at that file, correct? Well, I would disagree that. I think the evidence here shows that the court did not review that OP file because the trial judge was very explicit in all of the things it reviewed, and it listed basically verbatim all the documents that the state tendered to it during the trial. What if the judge had said nothing and said, I find that the order was in effect? Then we would have another ambiguity. I'm not certain what I would be arguing at this point, but I know based on the record we have here, the indication was that he did not call up that file. That file was not given to him by the state, and that's why we have— we don't have a case here where the court refused to take some judicial notice of a thing that was properly before it because it was just not properly before it by that second part that the state had to do, which was actually supply the court with the necessary information. Did the trial court make a finding that the order was in effect? There was no explicit finding. The court just kind of reviewed all the documents and said— Which was full of hearsay, correct? That's right. It was, again, Deputy Sorensen's report about what happened. Again, it was a stipulated bench trial, so the defense said this would be the evidence tendered, but, again, there was no stipulation to whether or not that evidence would have been enough to support a conviction. If the trial court made a finding, a specific finding, that the order was in effect, I mean, the court can take judicial notice. It's under 201C, discretionary judicial notice, whether requested or not. So, I mean, the court could certainly take notice of a court file even if nobody requests it, correct? I'm not sure I'm ready to agree with that. I understand that the court does have discretion to take certain things under judicial notice, but, again, unless I take a look to see exactly what has been allowed under those parameters, I can't totally answer that. Well, I can't think of anything that would be quicker or easier to take judicial notice of other than a court's own files from the clerk's office that it's sitting on. Maybe not in that particular case, but other cases. Right, and exactly. And that's, again, why I think there's 201D, which says absolutely courts can take judicial – in fact, they have to take judicial notice of these kind of files where the accuracy is not questioned and – If it's presented. If it's presented, correct. But, again, the problem here is that, number one, it wasn't presented. And I guess that's the main problem here. And I think by – with the state now asking this court to take judicial notice, I think there's an implicit agreement there that, number one, the state agrees that there wasn't enough evidence in the trial court, which is why they're trying to bring it to this court, and, number two, that the trial court didn't take judicial notice of it. That's why it's asking this court to do it. Let me ask this question. No witnesses were sworn, so did jeopardy attach? If a case that says that in a stipulated bench trial where all the evidence is by stipulation that jeopardy attaches, because of a defective proffer here, like akin to a plea, where the state omits a certain fact or element, you know, facts that would establish an element, the case is reversed and sent back, reversed and remanded, not reversed outright. Your Honor, I would argue that a stipulated bench trial functions the same as any other trial. Again, you have – Do you have a case that says that, though? I do not have a case. That was not an issue that was brought up by the state, so I didn't address that in my reply. While the discovery seemed – or the request for discovery seemed to be pointed at, or at least the portions of the record that I looked at, the defense was trying to establish that the defendant did make the phone call or called someone. Right. I understand that the defense was making a different argument at trial, but – It doesn't really dissuade its burden, of course, but – Right. And I'm saying when I looked at that record, this is the issue that I uncovered, just looking as a matter of law, there's not enough – the elements have not been met here, and that's why. And, again, that doesn't have to be something that defense counsel, whether he missed it or did not want to tip his hand at what would be later argued, I don't know. Do you know why a special prosecutor was appointed? I think because of other outside issues that were happening between the parties. A threat to the state's attorney, I think it was, right? I think there were some Internet posts that he had made that – Threatening to the state's attorney. Again, I don't know what those posts were exactly, but the way the court decided to handle it was to appoint someone new. I guess one other thing that I want to talk about is why this court shouldn't consider the – that case file at this point on appeal. Number one was, again, I would renew my objection that I raised when the state first sought to supplement the record. Was it under 329? There's no – under Rule 329, there's no evidence that that OPU file was actually ever before the trial court, so it would be improper for this court to now consider it for the first time on appeal and deciding the evidence. Along those lines, though, the state is claiming something of a vouch issue here, correct? Of a – I'm sorry? A vouch issue here? Oh, okay. Yes. Again, the defense has no responsibility to make the state's case for it, so we cannot be faulted for not providing a record that's supposedly incomplete when, in fact, it is complete. Everything that the state presented to the trial court at the trial is in the Apollo record. We – defense can't be faulted. I can't go around looking for the evidence the state should have presented and then presented it to you. That's simply not how it's done. You're saying that you're not required to supplement the record. Correct. With information that was not introduced or before the trial court to begin with. Again, the other reason was mentioning People v. Clark. We can't fill in – or the state can't fill in evidentiary vouches it had at the trial court at this level on appeal. And also, I guess I'd like to turn to the file itself and that the order dated September 23rd, which is, I argue, not subject to judicial review because it doesn't indisputably show that an extension order was ever extended further or that an emergency order was ever extended to the date to cover the October 4th. But the trial court did make an oral announcement that on September 23rd, the trial court said, on the OP file, I signed an order continuing the ex parte. It continued hearing on the ex parte order of protection September 130 and October 22, and that's a subletter record 317. Right. And I believe what the court – the court never finished that initial – it's unclear or ambiguous whether the court was talking about a continuing ex parte. It stops right there. But what's certain is that there's a continuation of the hearing on the ex parte order. And what happened here was that when everybody showed up in court, the court asked Mr. Steger, do you agree to a plenary order? He said no. He said, okay, we're having an order now – or a hearing to find out whether I'm entering that plenary order. So what was actually happening was that there had already been – they were already in the middle of that plenary order hearing. So I don't think the court's comments here at all suggest that he made any finding as to extending the order of protection. Again, the order of protection, there has to be an explicit finding made in open court in order for it to be extended. There has to be a timely request to extend the order, correct? That is wrong. That was present that just the court did not complete. Correct. Right. Right. And again, so for that reason, I don't think that the fact that the state wishes you to take judicial notice of the fact that there was an extension and an order in effect is judicially noticeable because it's not the kind of indisputable fact that's covered under Rule 201. So unless the court has any other questions, I would ask that this court reverse Mr. Steger's conviction and reserve whatever time for rebuttal. Thank you. Thank you. As you said, you'll have enough time to make a rebuttal. Ms. Moy. May it please the Court. Good morning, Your Honors, Counsel. My name is Cora Moy on behalf of the people. The people's position is that there was sufficient evidence to prove that the defendant was guilty of violating an order of protection. In preparing for oral argument, the people realized that the alternative argument presented in anticipation of defendant's reply brief may have been confusing. So I apologize to this Court and Counsel if that was a little confusing. We appear to have taken the position that without the supplementary material, we could not have proven our burden. That is not our position. In looking at what was presented at trial, we have the police reports, the copies of the order of protection, the emergency order of protection, and the plenary order of protection. Within those documents and defense counsel, I think this goes back to what Justice Burkett mentioned, that all the parties were under and operated as though there was a valid order of protection in place. Does that relieve the State from proving that there's a valid order of protection in place? No, but it shows that there was circumstantial evidence that the trial court could have reasonably inferred that there was a valid order of protection at the time that this trial occurred. I mean, that's the difference between what's a reasonable inference and what's an assumption. I mean, certainly we can look at a reasonable inference as raised from the evidence that you're citing, but we can't assume that that's there. I mean, the issue is, are you arguing a reasonable inference or an assumption? I'm arguing that it's a reasonable inference. Let me get it. We can't assume facts that aren't in evidence. Right. You're arguing that the emergency order of protection and the plenary order of protection both had the same substantive basis, the facts, correct? Right. Or did they not? Were they different? No, they did. They did? Yes. So the only way there wouldn't have been a plenary order is if either the original order continued or there was a new petition, correct? Correct. So the inference is that the emergency order continued into and became a plenary order? Correct. So that's your argument, that's a reasonable inference from the evidence? Yes. Now, the attorney at trial, the state attorney at trial asked the court to take conditional notice, basically said, judge, take notice of this if you need to, to figure out what's going on, basically. I'm paraphrasing very loosely, but basically it was a conditional request, was it not? Our position is that it was not. Though there were, though the prosecutor said if you need to, I don't believe that's conditional, that case file was available for the court to take notice of. We provided sufficient, we provided the court with the necessary information, but we didn't hand over the file. We gave the trial court the case number. So we told the court, this is the OP case number that we want you to take judicial notice of. Does that satisfy 201D? I mean, 201D says that the court has to take notice of this court file if the court has asked, which you're saying the court was, and the file was presented. Is presenting the number enough? Because it's clear there's nothing in the record to show that that court file was given to the judge. Correct. The record does not indicate that the state physically tendered the file. In the course of preparing for this oral argument, I tried to find cases that said if there are any cases that suggest we must turn over the file, and I could not find anything that says that we are required to physically tender the case file in order for the trial court to take judicial notice. In a case that we heard within the last couple of years, we had a similar situation where the trial court made reference to a court file and said I'd take judicial notice of that file, and then we, this court, required that the clerk prepare and submit a supplemental record sui sponte. Couldn't we do that here? Yeah. Yeah. We have no record that the court actually granted the request to take notice, correct? No. The judge did not say either way. However, the court took a recess to go back to review the evidence, and the court didn't explicitly say that it only reviewed these tendered documents. It did list the documents that were handed over, but it did not explicitly say that these were the only documents that I considered. It also considered the arguments of counsel and the agreements and what was represented by the parties prior to going. I know you're asking, I know you're saying that there's enough evidence in the record to sustain the state's burden, but are you asking us now, I guess, as the alternative, to take notice of this file in this court? Yes, but even without it, I think that there's enough to show that the defendant is guilty of violating an order of protection in this case for reasonable inferences. You said something about this was a stipulated bench trial and everybody was working under the assumption that there was an order in effect. And I'm having a little problem with the idea that you're coming to that conclusion unless there's something in the record wherein the parties stipulated that there was an order in effect. As the fellow defender points out, they may have been working or thinking or delusionally or incoherently or ineffectively thinking about the proper defense in the case, but that doesn't necessarily relieve the state of getting a stipulation or presenting evidence on point. I understand Your Honor's concerns, but below, we did ask the trial court to take judicial notice of the OPA. And also, because this was a stipulated bench trial, there is a presumption that the trial court knows the law and applies it properly. So even though we didn't physically tender the case file, it doesn't undermine that presumption. Moreover, within the documents that were submitted in the Algonquin Police Department's police report, even though it was evidence that was submitted, it was a document tendered at trial, it noted that the defendant said that all the streets in the courthouse were within the restricted zones for a GPS monitoring device due to an order of protection in which he is the respondent. So I believe that indicates that this is circumstantial evidence that there was an existing OP that he needed to follow. If there are no further questions. I mean, you're saying that there's this presumption that the trial court followed the law, and I'm just trying to correlate that with the state's burden of proving each element beyond a reasonable doubt. I mean, if you have a situation, for instance, a case where age matters, where the victim's age is under 13 or something of that nature, and there's something in the court file that says the victim's age, but the state never produces in a trial, never presents it, never asks anybody to take judicial notice, so it just simply omits the age, then we're going to look back at the court file, see if there's anything, we're going to presume the trial court knew it from something in the court file. It just seems like a stretch to me. I mean, does the presumption that the trial court follows the law extend to this piece of evidentiary information that the state is required to prove? I think that the argument that in absence of these documents, we haven't sufficiently met our burden, I think those are two different questions. I think even though we didn't tender those documents, that doesn't mean that the trial court could not have reviewed them or may have reviewed them behind the scenes. Since you didn't proffer it, but the judge has the authority to exercise his own discretion and do it sua sponte, if the trial court had said the state failed to proffer, but I went and I looked at the file myself and I'm taking judicial notice of it, then the record would reflect that although the state made it improper proffer, the trial court at least exercised its discretion and then the question on appeal from the appellate defender I think would have been, was this an abuse of discretion? Right. Well, if you don't make a proffer offer and the record doesn't reflect that the trial court exercised its discretion and looked up the case file and reviewed it, how are we to determine that the failure of the trial court to not do this was an abuse of discretion? Again, I think that would go towards the circumstantial evidence that was shown, that was given by the documents that were tendered, at least in this case. What was the specific admission that you referred to in the Elgin police department report? Yes. The defendant told the officer that all the streets that surround the courthouse are within the restricted zone for his GPS monitoring device due to an order of protection in which he is the respondent. What page is it? It's its own sheet. It's from the Algonquin police department. Algonquin. Yes. It wasn't numbered in the exhibit file. And you believe that that is sufficient for a trial court to infer that the defendant was talking about this specific order? Yes. Because that was what was tendered or proffered to the court during the stipulated bench trial? Yes. Did jeopardy attach? I didn't do enough research on double jeopardy for this argument, so I can't answer that. Well, ordinarily, jeopardy attaches in a bench trial when the first witness is sworn. So is a stipulation akin to a witness being sworn? I don't have any research or knowledge to answer that. I don't think I have enough knowledge to answer that at this point. I'm sorry. If there are no further questions, the court or I'm sorry, the state would request that you affirm the defendant's conviction. Thank you. Thank you. Ms. Kors? There are just five points I wanted to quickly address. Number one, there's no imaginary line between an emergency order of protection and a plenary order of protection that the state can invoke to say, because we had one and we got to the other, there was something in between. Emergency orders of protection are finite. They have a limited duration. And if a party wishes to extend that, they have to make a motion to the court, and the court has to make an explicit finding on the record to extend that. That happened twice, but it didn't happen when it could have covered the date in question here. As far as whether it's enough to just give the case file to a court in order to make a sufficient record of judicial notice, I think the cases that have come, I think it was the Illinois Supreme Court decision in Davis that talked about a court may not take judicial notice of its own records. But in cases that interpreted how courts can take judicial notice, there's not just a case number provided. There's actual physical tender of the record or the case file or the documents that the parties wish for the court to take judicial notice of. As far as this court now taking sua sponte action to get the record on its own, where do we stop? I mean, the state had to prove its case at trial, not in front of this appellate court. So I think it would totally be improper for this court to then make its own conclusions about what those records show. What about the admission to the Ocapa police officers? Yes. And the evidence at the stipulated bench trial did suggest that he had notice of the October or I'm sorry, the August 7th, 2013, original emergency order of protection. Because he was served notice with that three days later. What did the conversation with those officers relate to the events that took place on October 4th? Honestly, Your Honor, I don't recall because I know there was also a separate charge here that involved the electronic monitoring of the device. I think he had five charges. Right. So there were a couple of reasons why he wasn't supposed to be in the area he was alleged to have been. So when he's talking to the officers, I'm not sure what's in his mind as far as, oh, I wasn't supposed to be there because of this reason or because of my bracelet or because of what? I don't again, I don't specifically recall that part of the record, so I can't say. But I know that there was evidence that he knew about the one order. But again, no evidence that he knew that there was one. Again, for all he knew, he was in the courtroom on the September 23rd date where the court asked, do you want to enter a plenary order? No, I don't agree with it. OK, so we're having a trial. So for all he knew, that was still up in the air because there hadn't been a resolution on that final plenary order. And again, as far as double jeopardy attaching or not, I mean, if it doesn't stipulate, if it doesn't apply to stipulated bench trials, then what's the point of a stipulated bench trial? And why are we not warning defendants before they enter a stipulated bench trial? It would be a due process issue as well if we were to say you can go and have a do over. Right, exactly. So unless there are any questions, again, I rely on the briefs filed. So thank you. Thank you. We'll take the case under advisement. If there's another case in the fall, we'll take a short recess. Thank you. Hey, Greg. Yes, sir. I'm sorry, I'm just going to- I'm right there. OK, you just have to come down. I'm sorry I'm coming back up.  We'll take the case under the advisory. Yes, ma'am.      I'll take care of it. We'll take the case under the advisory. Thank you. Thank you. Thank you. Thank you. Thank you. We're also comfortable with this.